UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:18-cv-80911-BLOOM/Reinhart

JERRY EISENBAND, individually
and on behalf of all others similarly
situated,

    Plaintiff,

vs.

SCHUMACHER AUTOMOTIVE, INC.,
a Florida Corporation,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

Defendant, SCHUMACHER AUTOMOTIVE, INC. ("Defendant"), hereby files its Motion to Dismiss the Class Action Complaint ("Complaint") filed by the Plaintiff, JERRY EISENBAND, individually and on behalf of all others similarly situated ("Plaintiff"), or in the Alternative, Motion for More Definite Statement.  In support thereof, Defendant states as follows:

**I.    PRELIMINARY STATEMENT**

Plaintiff's Complaint for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.,* ("TCPA" or "Act"), must be dismissed for lack of standing.  Plaintiff, however, does not (and cannot) sufficiently allege that she suffered any tangible injury stemming from the alleged violations of the TCPA.  Rather, Plaintiff only cursorily alleges that she (and other putative class members) suffered "an invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion."  Moreover,

Case 9:18-cv-80911-BB   Document 11   Entered on FLSD Docket 08/17/2018   Page 2 of 10

Jerry Eisenband vs. Schumacher Automotive, Inc.
Case No. 9:18-cv-80911-BB
Defendant's Motion to Dismiss Plaintiff's Class Action Complaint
Or in the Alternative, Motion for More Definite Statement
Page 2

"Defendant's text messages also inconvenienced Plaintiff and caused a disruption of her daily life." *Id*. at ¶¶3,35. These allegations are insufficient to establish a cognizable injury-in-fact and, thus, do not create a case or controversy. Accordingly, Plaintiff lacks Article III standing to bring his Complaint, the Court lacks subject-matter jurisdiction, and, thus, the Plaintiff's Complaint must be dismissed.

## II. BACKGROUND

Plaintiff filed his Class Action Complaint on July 11, 2018. [D.E. #1]. Plaintiff alleges that Defendant violated the TCPA by contacting her with a single "telemarketing text message" on or about March 23, 2018. *Id.* at ¶24. Plaintiff alleges that she received the text on her cellular telephone at a number ending in 4149- Plaintiff describes the offending text message as a "short-code, a standard 6-digit code that enables Defendant to send SMS text messages *en masse.*" *Id.* at ¶32. Plaintiff, however only provides a cursory explanation of how the "short-code" could possibly violate the TCPA, fails to provide adequate information on the origin of the offending text message other than to cite to the website of Callfire, Inc., ("Callfire") a non-party to this action. Plaintiff fails to adequately allege how the "short-code" was provided by Callfire to Defendant and how the offending text message was actually delivered to Plaintiff. *Id.* at ¶32-33. See also *Buslepp v. B&B Entertainment, LLC*, 2012 WL 4761509 *4 (S.D. Fla. 2012).

The TCPA provides that it is unlawful to make any call using any automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service unless: (1) it is made for emergency purposes; (2) it is made with the prior express consent of the called party; of (3) unless the

Case 9:18-cv-80911-BB   Document 11   Entered on FLSD Docket 08/17/2018   Page 3 of 10

Jerry Eisenband vs. Schumacher Automotive, Inc.
Case No. 9:18-cv-80911-BB
Defendant's Motion to Dismiss Plaintiff's Class Action Complaint
Or in the Alternative, Motion for More Definite Statement
Page 3

call is made to collect a debt owed to or guaranteed by the United States.  47 U.S.C. §227(b)(1)(B).

Plaintiff alleges that he did not give prior express permission for Defendant to contact him using an ATDS.  Complaint at ¶29.

Plaintiff seeks an injunction enjoining Defendant from making unsolicited calls in violation of the TCPA and a minimum of $500 for each violation (and to have damages trebled for willful or knowing violations of the TCPA as provided by §227(b)(3) of the TCPA). Id. at ¶¶54, 55, 60.

### III.  LEGAL STANDARD

#### A.  Rule 12(b)(1) – *Spokeo* And Requirements for Article III Standing

Article III of the United States Constitution limits the jurisdiction of the judicial branch to cases and controversies, and "standing to sue" is "a doctrine rooted in the traditional understanding of a case or controversy…and developed in[the] case law to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Spokeo, Inc. vs. Robins,* 136 S. Ct. 1540, 1546-47 (2016).  To establish standing, Plaintiff "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Meyers v. Nicolet Rest. Of De Pere, LLC,* 2016 U.S. App. LEXIS 22139, *4 (7th Cir. Wis. Dec. 13, 2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The injury-in-fact must be "fairly traceable to the Challenged conduct of the defendant" and "likely to be redressed by a favorable judicial decision."  *Spokeo*, 136 S. Ct. at 1547.  More

Case 9:18-cv-80911-BB   Document 11   Entered on FLSD Docket 08/17/2018   Page 4 of 10

Jerry Eisenband vs. Schumacher Automotive, Inc.
Case No. 9:18-cv-80911-BB
Defendant's Motion to Dismiss Plaintiff's Class Action Complaint
Or in the Alternative, Motion for More Definite Statement
Page 4

than a "bare procedural violation, divorced from any concrete harm" is required to satisfy Article III's injury-in-fact requirement. *Meyers*, 2016 U.S. App. LEXIS 22139, *6.

"Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 136 S. Ct. at 1549. Injury-in-act is a constitutional requirement, and "[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Id.* at 1547-48; *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997) ("Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise having standing."); *Summers vs. Earth Island Inst.*, 555 U.S. 488, 497 (2009) (because the injury-in-fact requirement "is a hard floor of Article III jurisdiction," it "cannot be removed by statute."). Moreover, the Supreme Court has "always insisted on strict compliance with this jurisdictional standing requirement." *Id*. at 819. As the Supreme Court has recently cautioned, "[i]n era of frequent litigation, class actions, sweeping injunctions with prospective effect, and continuing jurisdiction to enforce judicial remedies, courts must be more careful to insist on the formal rules of standing, not less so." *Ariz. Christian Sch. Tuition Org. v. Winn.,* 563 U.S. 125, 146 (2011).

Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements and, at the pleading stage, "the plaintiff must 'clearly…allege facts demonstrating' each element." *Id.* at 1547. Where a plaintiff fails to establish standing, the

Case 9:18-cv-80911-BB   Document 11   Entered on FLSD Docket 08/17/2018   Page 5 of 10

Jerry Eisenband vs. Schumacher Automotive, Inc.
Case No. 9:18-cv-80911-BB
Defendant's Motion to Dismiss Plaintiff's Class Action Complaint
Or in the Alternative, Motion for More Definite Statement
Page 5

court lacks jurisdiction and the case must be dismissed.  *See generally Meyers*, 2016 U.S App. LEXIS 22139, *3-10.

IV.   **ARGUMENT**

Even when viewing the facts in a light most favorable to the non-moving party, the Court should dismiss Plaintiff's Class Action Complaint for lack of standing.  The Class Action Complaint lacks sufficient allegations on concrete harm, making vague and conclusory allegations regarding a single alleged text message, the sort of *de minimis* harm that is insufficient to satisfy Article III's standing requirement.   In the alternative, the Court should permit Plaintiff leave to allege with more specificity the harm she alleges to have suffered to withstand her lack of standing to bring the instant action.

A.   **Plaintiff Has Failed to Sufficiently Allege an Injury-In-Fact Sufficient To Confer Article III Standing.**

Courts across the country are divided, but many have dismissed actions brought for bare statutory violations since the Supreme Court's holding in *Spokeo*, holding that such allegations do not suffice to establish Article III standing.  In *Meyers*, for example, the Seventh Circuit considered *Spokeo's* holdings in the context of an alleged violation of the Fair Credit Reporting Act ("FRCA").  *Meyers*, 2016 U.S. App. LEXIS 22139.  The plaintiff claimed that defendant violated the FRCA when it gave him receipt showing his credit card's full expiration date, but sought only statutory damages (in addition to class certification).  *Id.* at *2-3.  The Seventh Circuit concluded, considering *Spokeo* and other precedent, that plaintiff had not suffered any actual harm because he discovered the violation immediately and nobody else ever saw the non-compliant receipt.  *Id.* at 7-9.

{00455556. 1 }

Case 9:18-cv-80911-BB   Document 11   Entered on FLSD Docket 08/17/2018   Page 6 of 10

Jerry Eisenband vs. Schumacher Automotive, Inc.
Case No. 9:18-cv-80911-BB
Defendant's Motion to Dismiss Plaintiff's Class Action Complaint
Or in the Alternative, Motion for More Definite Statement
Page 6

Congress had sought to limit FRCA lawsuits to consumers suffering from actual harm, but plaintiff was not such a person and, therefore, lacked standing. *Id.* Plaintiff here has similarly relied on vague, conclusory allegations of statutory violations, with generic assertions of harm related to "invasion of his [sic] privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion." Even if sufficiently particular, these alleged damages are so *de minimis* that they cannot rise to the level of a cognizable injury.

The Supreme Court has held that "[t]hee is...a *de minimis* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *see also Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F. 3d 832, 839-40 (9th Cir. 2007) (*de minimis* injury alleged in complaint was "too trifling of an injury to support constitutional standing"). For example, in *Hernandez v. Path, Inc.*, 2012 U.S> Dist. LEXIS 151035, *1-2(N.D. Cal. Oct. 19, 2012), the plaintiff alleged that a cell phone application he downloaded had caused "diminished mobile device resources" and the loss of "two to three seconds of battery capacity." The district court found these allegations of diminished resources were so *de minimis* that they could not establish Article III standing. The same holds true here. Plaintiff vaguely alleges invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, conversion and disruption to her daily life" resulting from the receipt of a *single text message.* Complaint at ¶¶ 3,35. Such "harm" should not be sufficient to invoke the jurisdiction of the federal courts.

Courts have dismissed purported TCPA lawsuits that rely on similarly conclusory and *de minimis* allegations of harm since *Spokeo*. *See Susinno v. Work Out World, Inc.,* No. 15-5881, 2016 U.S. Dist. LEXIS 113664 (D.N.J. 2016), ECF No. 31 (granting motion to

{00455556. 1 }

Case 9:18-cv-80911-BB   Document 11   Entered on FLSD Docket 08/17/2018   Page 7 of 10

Jerry Eisenband vs. Schumacher Automotive, Inc.
Case No. 9:18-cv-80911-BB
Defendant's Motion to Dismiss Plaintiff's Class Action Complaint
Or in the Alternative, Motion for More Definite Statement
Page 7

dismiss after finding that TCPA plaintiff had not suffered an injury in fact from only one unwanted cell phone call) (as reported by *Sartin v. EKF Diagnostics, Inc.*, No. 16-1816, 2016 U.S. Dist. LEXIS 179155, *10) (E.D. La. Dec. 28, 2016)); *Kostmayer Constr., LLC v. Port Pipe & Tube, Inc.*, No. 2:16-cv-01012, 2016 U.S. Dist. LEXIS 145947 (W.D. La Oct. 19, 2016) (dismissing TCPA claims where plaintiff alleged statutory violation and made only general reference to the harms contemplated by Congress).  Defendant does not contend that TCPA violations could never cause injury in fact, but merely that a *single alleged text* to Plaintiff is *de minimis*.

The Court in *Susinno* confronted a fact pattern where a putative class plaintiff alleged receiving only a single call.  *Susinno v. Work Out World, Inc.*  2016 U.S. Dist. LEXIS 113664, *1 (D.N.J. Aug. 1, 2016).  The Court noted that a single call could not have a "legal impact" as it would not tie-up the phone line, would not have a tangible impact on battery power, and that "the prevention of annoying and repeated telemarketing calls . . . require that there needs to be some type of pattern or repeatedness to the telephone calls." *Id*. at *23-24.  The Court held that a prerecorded message lasting one minute and two seconds is not "a significant period of time" and constituted an "abstract . . . *de minimis*" harm. *Id.* at 24.  Certainly, the same analysis should be applied to one text message.

Because Plaintiff has not sufficiently alleged a concrete and particularized injury-in-fact, she lacks Article III standing and the case must be dismissed.

### B. Plaintiff's Class Allegations Create an Impermissible Fail-Safe Class

Plaintiff's class allegations should be stricken because they create an impermissible fail-safe class.  A fail-safe class is defined such that whether a person qualifies as a member

{00455556. 1 }

Case 9:18-cv-80911-BB   Document 11   Entered on FLSD Docket 08/17/2018   Page 8 of 10

Jerry Eisenband vs. Schumacher Automotive, Inc.
Case No. 9:18-cv-80911-BB
Defendant's Motion to Dismiss Plaintiff's Class Action Complaint
Or in the Alternative, Motion for More Definite Statement
Page 8

of the class depends on whether the person has a valid claim. It purports to included only those who are entitled to relief, and is improper because a class member either wins or, by virtue of losing, is defined out of the class and is, therefore, not bound by the judgment. *See Alhassid v. Bank of Am., N.A.,* 307 F.R.D. 684, 694 (S.D. Fla. 2015). The fail-safe class obtained its label because the class definition precludes the possibility of an adverse judgment against class members; the class members either win or are not in the class.

Plaintiff proposes the following class definition in Paragraph (37) of the Class Action Complaint:

> All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a call using an artificial or prerecorded voice, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number without emergency purpose and without the recipient's prior express written consent.

Putting aside the inability to satisfy the requirements under Rule 23, Plaintiff's class allegations plead an impermissible fail-safe class that requires individualized merits-based determination to ascertain class membership. Plaintiff's class definition is a classic example of a fail-safe class because it includes only those individuals who did not provide express written consent to be contacted and who were contacted via an ATDS or prerecorded voice. Because a lack of consent and use of an ATDS/prerecorded voice is a requirement for liability under the TCPA, Plaintiff's proposed class depends on Defendant's liability and so is an impermissible fail-safe class. Courts across the country routinely grant motion s to strike class allegations in TCPA actions alleging fail-safe classes. *See, e.g. Zarichny v. Complete Payment Recovery Servs.,* 80 F. Supp. 3d 610, 625 (E.D. Pa. 2015) (granting motion to dismiss and strike fail-safe class allegations where "the putative TCPA

Case 9:18-cv-80911-BB   Document 11   Entered on FLSD Docket 08/17/2018   Page 9 of 10

Jerry Eisenband vs. Schumacher Automotive, Inc.
Case No. 9:18-cv-80911-BB
Defendant's Motion to Dismiss Plaintiff's Class Action Complaint
Or in the Alternative, Motion for More Definite Statement
Page 9

class is comprised of those people who received CPRS telephone calls without the recipient's "prior express consent"); *Espejo v. Santander Consumer USA, Inc.* 2016 U.S. Dist. LEXIS 142259, at *26-27 (N.D. Ill. Oct. 14, 2016) (holding that plaintiff proposed an impermissible fail-safe TCPA class where membership required "a determination of consent – *i.e.,* whether the called party's number was 'volunteered' or 'verified' before [the defendant] used it"); *Sauter v. CVS Pharmacy, Inc.,* 2014 U.S. Dist. LEXIS 63122 (S.D. Ohio May 7, 2015) (reviewing cases addressing whether proposed TCPA safe classes defined to include individuals who did not provide prior express consent qualified as fail-safe classes and finding that such classes are impermissible; *Leyse v. Lifetime Entm't Servs., LLC*, 2017 U.S> App. LEXIS 2607, *3 (2d Cir. N.Y. Feb 15, 2017):  *Dixon v. Monterey Fin. Servs., Inc.* 2016 U.S. Dist. LEXIS 82601 (N.D. Cal. June 24, 2016):  *Dixon v. Monterey Fin. Servs., Inc.* 2016 U.S. Dist. LEXIS 111687 (N.D. Cal. Aug. 22, 2016).

## V. CONCLUSION

For the foregoing reasons, Defendant, SCHUMACHER AUTOMOTIVE, INC. respectfully requests that this Court grant its motion and dismiss Plaintiff's Class Action Complaint in its entirety, or, in the alternative, strike the class allegations or permit Plaintiff leave to amend the Complaint to sufficiently state a cause of action.

Respectfully submitted this 17th day of August, 2018.

Jerry Eisenband vs. Schumacher Automotive, Inc.
Case No. 9:18-cv-80911-BB
Defendant's Motion to Dismiss Plaintiff's Class Action Complaint
Or in the Alternative, Motion for More Definite Statement
Page 10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by way of notice of electronic filing from the Court's CM/ECF System on August 17, 2018, on all counsel or parties of record.

KURKIN FOREHAND BRANDES LLP
Attorneys for Defendant
18851 NE 29th Avenue, Suite 303
Aventura, Florida 33180
Tel: (305) 929-8500
Fax: (305) 675-0564
Primary: cblinderman@kfb-law.com
Secondary: estella@kfb-law.com
Secondary  lbevans@kfb-law.com

By:  s/CRAIG H. BLINDERMAN
         CRAIG H. BLINDERMAN
         Florida Bar No. 896098