UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80911-BLOOM/Reinhart

JERRY EISENBAND, individually
and on behalf of all others similarly situated,

        Plaintiff,

vs.

SCHUMACHER AUTOMOTIVE, INC.,

        Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Schumacher Automotive, Inc.'s Motion to Dismiss the Class Action Complaint or, in the Alternative, Motion for More Definite Statement, ECF No. [11] (the "Motion"). The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the Motion is denied.

### I.  BACKGROUND

Plaintiff Jerry Eisenband ("Plaintiff") initiated this putative class action on July 11, 2018 against Defendant for a violation of the Telephone Consumer Protection Act, 47 U.S.C § 227 *et seq*., ("TCPA").

According to Plaintiff's Complaint, on March 23, 2018, Defendant sent a text message to Plaintiff's cellular telephone number stating: "This is Benjamin, Director with Schumacher Auto. We have our huge end of month sale going on this weekend with employee pricing. Can we meet today or tomorrow?" ECF No. [1] at ¶ 24. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted using an automatic telephone dialing system. *Id.* at ¶ 29. The phone number used by Defendant (474-747) is a "short code" provided

by Callfire, Inc., that enables Defendant to send SMS text messages *en masse* without human intervention. *Id.* at ¶¶ 32–34. Plaintiff brings the putative class action on behalf of the class of

> [a]ll persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message using the Callfire platform, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, advertising Defendant's services, without the recipients' prior express written consent.

*Id.* at ¶ 37.

Defendant filed the instant Motion on August 17, 2018, contending that the Plaintiff lacks standing. Plaintiff's Response timely followed. *See* ECF No. [19]. Defendant did not file a Reply.

## II. DISCUSSION

### A. Standing

"The Constitution limits the jurisdiction of the federal courts to actual cases or controversies." *Florence Endocrine Clinic, PLLC v. Arriva Med., LLC*, 858 F.3d 1362, 1365 (11th Cir. 2017) (citing U.S. Const. art. III, § 2). To establish Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560–61 (1992)). To demonstrate an injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560).

Defendant argues that Plaintiff, by alleging only a bare statutory violation of the TCPA and not a concrete and particularized injury, lacks Article III standing post-*Spokeo*. At most, according to Defendant, Plaintiff has alleged *de minimis* harm.

2

Addressing Article III standing post-*Spokeo*, the Eleventh Court explained that "'where a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a concrete, particularized, and personal injury to that person as a result of the violation of the newly created legal rights.'" *Florence Endocrine Clinic*, 858 F.3d at 1366 (quoting *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1251 (11th Cir. 2015)). The Eleventh Circuit, pre- and post-*Spokeo,* has held that the TCPA "creates such a cognizable right." *Id.* (citing *Palm Beach* 781 F.3d at 1251). Nevertheless, "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo,* 136 S. Ct. at 1549.

Concreteness requires that Plaintiff allege a harm that is substantial in an Article III sense. *Spokeo* cautions that whenever a plaintiff is claiming intangible harm from a statutory violation, this Court must additionally consider: (1) whether such intangible injury is closely connected to harms that are traditionally cognizable under English and/or American jurisprudence; and (2) whether such intangible (and otherwise constitutionally inadequate) injury is one that, in the judgment of Congress, should be elevated to a harm that meets the Article III threshold. *See Hossfeld v. Compass Bank*, No. 2:16-CV-2017WL 5068752, at *7 (N.D. Ala. Nov. 3, 2017).

First, the history of American jurisprudence supports the finding of concreteness. With his TCPA claim, Plaintiff seeks to remedy Defendant's alleged invasion of privacy, nuisance, and trespass on his cellular telephone. *See* ECF No. [1] at ¶ 35. These kinds of torts have "long been heard by American courts, and the right of privacy is recognized by most states." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017). Congress also found in its passage of the TCPA that unregulated telemarketing was "intrusive," a "nuisance," and

"rightly regarded" as an "invasion of privacy." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (internal citations and quotation marks omitted). Plaintiff's alleged injuries bear the kind of "close relationship" to traditionally recognized and adjudicated harms stressed in *Spokeo*. *Spokeo*, 136 S. Ct. at 1549.

Second, because "Congress is well positioned to identify intangible harms that meet minimum Article III requirements," *id.*, its passage of the TCPA supports a finding of concrete injuries here. The law "establishes the substantive right to be free from certain types of phone calls and texts absent consumer consent." *Van Patten*, 847 F.3d at 1043. Plaintiff's case directly involves the substantive privacy rights the TCPA was enacted to protect. Additionally, the Eleventh Circuit has rejected claims that TCPA-related harms like Plaintiff's are *de minimis*. *See Palm Beach Golf*, 781 F.3d 1251–53 (holding that the plaintiff had standing where it received one fax transmission that took one minute to process on its machine).

Under the above framework, similar allegations referencing the disruption associated with receiving text messages and phone calls have been deemed sufficient to establish a concrete injury post-*Spokeo*. *See Mohamed v. Off Lease Only, Inc.*, No. 15-23352-CIV, 2017 WL 1080342, at *3 (S.D. Fla. 2017) (finding allegations of intangible harms from unsolicited text messages such as invasion of privacy, nuisance, and trespass sufficient to establish a concrete injury under the TCPA); *Hossfeld*, 2017 WL 5068752, at *10 (same finding as to allegations of two unsolicited phone calls).

The case Defendant primarily relies upon as support for the argument that a single text message does not amount to more than *de minimis* harm, *see* ECF No. [11] at 7, was reversed on precisely that issue by the Third Circuit. *See Susinno v. Work Out World Inc.*, 862 F.3d 346, 352 (3d Cir. 2017) (reversing district court's order dismissing TCPA claim for lack of subject matter

jurisdiction and finding "that in asserting 'nuisance and invasion of privacy' resulting from a single prerecorded telephone call, her complaint asserts 'the very harm that Congress sought to prevent,' arising from prototypical conduct proscribed by the TCPA"). This Court observes with disapproval that Defendant cited the District Court's overturned decision in its briefing filed on August 17, 2018, despite the Third Circuit's reversal almost one year prior, on July 10, 2017.[1]

Therefore, the Court finds that Plaintiff has alleged a concrete injury that is sufficient to establish standing.

### B. Class Allegations

Defendant also moves to strike Plaintiff's class claim on the basis that Plaintiff has alleged an impermissible fail-safe class. However, Defendant's arguments are not directed at the proposed class as defined in Plaintiff's Complaint. *Compare* ECF No. [1] at ¶ 37 (proposed class) *with* ECF No. [11] at 8. In any event, the Court will address arguments regarding the appropriateness of the class definition at the class-certification stage. *See Tillman v. Ally Fin. Inc.*, No. 2:16-CV-313, 2016 WL 6996113, at *5 (M.D. Fla. Nov. 30, 2016) (finding that argument to strike impermissible fail-safe class is more appropriately raised as the class-certification stage).

### III. CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

---

[1] The only other case involving a TCPA claim that Defendant relies upon in arguing that "a single alleged text message is *de minimis*," ECF No. [11] at 7, is inapposite. In *Kostmayer Constr., LLC v. Port Pipe & Tube, Inc.*, the plaintiff's complaint made one single reference to damages — "that the defendants' violation of the TCPA 'caus[ed] Plaintiff and Plaintiff Class to sustain statutory damages, in addition to actual damages, including but not limited to those contemplated by Congress and the [Federal Communications Commission].'" 2016 WL 6143075, at *2 (W.D. La. Oct. 19, 2016). The Court found that the "conclusory damage allegation is insufficient to withstand a 12(b)(1) Motion to Dismiss." *Id*., at *3. Here, unlike *Kostmayer,* Plaintiff has alleged the specific injuries suffered as a result of the TCPA violation, rather than make a general reference to damages contemplated by congress.

Case No. 18-cv-80911-BLOOM/Reinhart

1. Defendant Schumacher Automotive, Inc.'s Motion to Dismiss the Class Action Complaint or, in the Alternative, Motion for More Definite Statement, **ECF No. [11]**, is **DENIED**.

2. Defendant must file its Answer to the Class Action Complaint no later than **October 29, 2018.**

**DONE AND ORDERED** in Miami, Florida, this 22nd day of October, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record